UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MARK TRUETT, | Case No.  2:24-cv-2985-JDP (SS) |
| Plaintiff, | |
| v. | ORDER |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 13 & 15.  For the reasons discussed below, the court grants plaintiff's motion, denies the Commissioner's, and remands for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

1

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On March 15, 2023, plaintiff filed an application for a period of disability and DIB, alleging disability beginning March 1, 2020. Administrative Record ("AR") 98, 175-76. After his application was denied both initially and upon reconsideration, plaintiff testified at a hearing before an ALJ. AR 114-17, 120-22, 1764-96. On August 12, 2024, the ALJ issued a decision finding that plaintiff was not disabled. AR 17-29. Specifically, the ALJ found:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2023.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of March 1, 2020, through

his date last insured of December 31, 2023.

3.  Through the date last insured, the claimant had the following severe impairments: lumbar degenerative disc disease, chronic pain syndrome, and a seizure disorder.

    * * *

4.  Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    * * *

5.  After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant must avoid hazards, moving machinery, working at heights, and operating a motor vehicle.

    * * *

6.  The claimant has no past relevant work.

7.  The claimant was born [in] 1967, and was 56 years old, which is defined as an individual closely approaching advanced age, on the date last insured.  The claimant subsequently changed age category to advanced age.

8.  The claimant has at least a high school education.

9.  Transferability of job skills is not an issue because the claimant does not have past relevant work.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

    * * *

11. The claimant has not been under a disability, as defined in the Social Security Act, at any time from March 1, 2020, the alleged onset date, through December 31, 2023, the date last insured.

AR 20-29 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request.  AR 1-6.  He now seeks judicial review under 42 U.S.C. § 405(g).

**Analysis**

Plaintiff's sole argument is that the ALJ erred in failing to explain how his degenerative disc disease and chronic pain syndrome—impairments that the ALJ found severe at step two—were considered in determining his residual functional capacity ("RFC").  ECF No. 13 at 7-10.

In between steps three and four of the sequential evaluation, the ALJ must determine the claimant's RFC.  20 C.F.R. § 404.1520(a)(4).  The claimant's RFC is the most that the claimant can perform despite his or her limitations.  *Id.* § 404.1545(a)(1).  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'"  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted).  Although the ALJ need not address every piece of evidence, she must "set forth the reasoning behind [her decision] in a way that allows for meaning review."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *Treichler v. Comm'r Soc. Sec.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

The ALJ concluded that plaintiff had the RFC to perform medium work that involved no exposure to hazards or moving machinery, working at heights, or operating a motor vehicle.[1]  AR 23.  After summarizing the relevant medical evidence, the ALJ provided the following explanation for her RFC determination:

> Based on the entire record, including the testimony of the claimant, I conclude that the evidence fails to support allegations of total disability.  Despite the evidence demonstrating that the claimant has been assessed with medically determinable "severe" impairments,

---

[1] These environmental limitations were due to plaintiff's seizure disorder and not his chronic pain syndrome or lumbar degenerative disc disease.  AR 27.

the evidence also establishes that the claimant retains the capacity to function adequately to perform many basic activities associated with a reduced range of medium work. The record demonstrates that the claimant has engaged in limited treatment during the relevant period of adjudication despite assertions of chronic and disabling functional limitations. While the claimant has been assessed with chronic pain syndrome, he engages in medication management where he endorses adequate pain relief with his treatment regimen, has declined more aggressive forms of treatment such as injection therapy, and has declined additional forms of non-pharmacologic therapy including the use of TENS unit. Moreover, the limited physical examinations therein consistently documented intact clinical findings . . . . Additionally, the claimant's activities of daily living are inconsistent with his allegations of disability. As noted above, the records repeatedly reference the claimant active engagement in demanding physical labor during the relevant period and his acknowledgment that his pain was secondary to the demanding nature of his work. He was also reportedly taking care of his elderly parents throughout the relevant period. Accordingly, I find that the claimant's allegations of disabling limitations since the alleged onset date of disability are inconsistent with the evidence of record.

AR 27.

Plaintiff does not challenge the ALJ's characterization of the evidence or her conclusion that his allegations of disabling limitations were inconsistent with the evidence of record. Instead, plaintiff argues that the ALJ neither explains how the evidence establishes that he could perform range of medium work nor describes how his chronic pain syndrome and lumbar degenerative disc disease limited his ability to perform work related activities. ECF No. 13 at 7-10.

The ALJ acknowledged that plaintiff "might experience some levels of limitation secondary [to] his combination of impairment," but ultimately concluded that "[t]he restriction to medium work adequately accommodates the claimant's chronic pain syndrome, which is managed with medications, and his history of lumbar degenerative disc disease, which is only mild in severity." AR 27. The ALJ observed that plaintiff's impairments were primarily treated with opioid medication and Lidocaine injections. AR 24-26.

It is not apparent, however, how the ALJ concluded that plaintiff's examination findings and relatively conservative treatment demonstrated an ability to perform medium work as opposed to either light or heavy work. Critically, the record is devoid of any medical opinion assessing

5

plaintiff's functional limitations.  The two state agency physicians who reviewed plaintiff's records in connection with the initial and reconsideration decisions both concluded that there was insufficient evidence to assess plaintiff's functional limitations.  AR 94, 101-02.  And the record does not contain an opinion from a treating or consulting physician.  With no medical opinion in the record, the ALJ apparently performed her own assessment of plaintiff's functional capabilities based on her independent review of the medical records.

Although ALJ's are tasks with weighing competing medical opinions, which necessarily involves "independently reviewing and forming conclusions about medical evidence," *Farlow v. Fijakazi*, 53 F.4th 485, 488 (9th Cir. 2022), they are not medical expert "qualified to interpret raw medical date in functional terms," *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999); *see Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (holding that an ALJ should not make his "own exploration and assessment as to claimant's physical condition"); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."); *see also Penny v. Sullivan*, 2 F.3d 953, 958 (9th Cir. 1993) ("Without a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual."); *Nelson v. Heckler*, 712 F.2d 346, 348 (8th Cir.1983) (per curiam) ("'[T]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best.'") (citation omitted)).

Because the ALJ's RFC determination was based on her own, lay assessment of the medical evidence, it is not supported by substantial evidence.  Accordingly, remand for further proceedings is warranted.  *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's motion for summary judgment, ECF No. 13, is GRANTED.

2.  The Commissioner's cross-motion for summary judgment, ECF No. 15, is DENIED.

3.  The matter is remanded for further proceedings consistent with this order.

4.  The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.


Dated:     March 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE